UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:08-CR-525-T-17MAP

ELIAS ESTUPINAN RENGIFO.

_____/

ORDER

This cause is before the Court on:

Dkt. 213   Motion to Direct the Government to File a Rule 35 Motion

Defendant Elias Estupinan Rengifo, pro se, moves the Court for an Order directing the Government to file a Rule 35(b) motion for Defendant Rengifo's assistance.

Defendant Rengifo entered into a Plea Agreement (Dkt. 159).   Defendant Rengifo agreed to cooperate fully with the United States (Dkt. 159, p. 4).   The Plea Agreement provides:

> If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG Sec. 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. Sec. 3553(e), or (3) both.  If cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case,

Case No. 8:08-CR-525-T-17MAP

> the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

(Dkt. 159, pp. 4-5).

The terms of the Plea Agreement explain that the decision to file a Rule 35 motion rests solely with the United States Attorney for the Middle District of Florida. Defendant Rengifo has not alleged or proven that the Government acted with an unconstitutional motive in not filing a Rule 35 motion. See Wade v. United States, 504 U.S. 181 (1992); United States v. Perez-Morales, 322 Fed. Appx. 713 (11th Cir. 2009)(unpublished).

After consideration, the Court denies Defendant Rengifo's Motion to Direct the Government to File a Rule 35 Motion without prejudice for lack of jurisdiction. Accordingly, it is

**ORDERED** that Defendant Rengifo's Motion to Direct the Government to File a Rule 35 Motion is **denied without prejudice** for lack of jurisdiction.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 16th day of February, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record